**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Ivis D. MARTINEZ–MASCARENO,**
**Defendant–Appellant.**

**No. 12–30280.**

United States Court of Appeals,
Ninth Circuit.

Submitted June 18, 2013.[*]

Filed June 21, 2013.

Helen J. Brunner, Esquire, Assistant U.S., Teal Luthy Miller, Matthew Richard Pittman, Special Assistant U.S., Office of the U.S. Attorney, Seattle, WA, for Plaintiff–Appellee.

Jay W. Stansell, Esquire, Assistant Federal Public Defender, FPDWA–Federal Public Defender's Office, Seattle, WA, for Defendant–Appellant.

Before: TALLMAN, M. SMITH, and HURWITZ, Circuit Judges.

---

[**] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

[*] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

MEMORANDUM **

Ivis D. Martinez–Mascareno appeals from the district court's judgment and challenges the 48–month sentence imposed following his guilty-plea conviction for conspiracy to distribute heroin, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Martinez–Mascareno contends that the district court erred when it denied his request for a minor role adjustment under U.S.S.G. § 3B1.2(b) without evaluating his role relative to that of an unindicted co-conspirator. The record reflects that the district court properly considered Martinez–Mascareno's "culpability relative to the involvement of other likely actors" in the criminal scheme. *See United States v. Rojas–Millan,* 234 F.3d 464, 473–74 (9th Cir.2000). Because Martinez–Mascareno failed to demonstrate that he was substantially less culpable than the average participant, the district court did not clearly err by denying the adjustment. *See* U.S.S.G. § 3B1.2 cmt. n. 3(A); *United States v. Cantrell,* 433 F.3d 1269, 1282–83 (9th Cir. 2006).

**AFFIRMED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

